**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| DRAM TECHNOLOGIES LLC,<br><br>Plaintiff<br><br>vs.<br><br>AMERICA II GROUP, INC. d/b/a AMERICA II CORP.; AMERICA II ELECTRONICS, INC.; D-MAC INTERNATIONAL, INC.; EDX ELECTRONICS, INC.; ELITE SEMICONDUCTOR MEMORY TECHNOLOGY INC.; ETRON TECHNOLOGY AMERICA, INC.; ETRON TECHNOLOGY, INC.; FIDELIX CO., LTD.; HYNIX SEMICONDUCTOR AMERICA, INC.; HYNIX SEMICONDUCTOR MANUFACTURING AMERICA, INC.; HYNIX SEMICONDURTOR, INC.; INTEGRATED SILICON SOLUTION, INC.; MEMPHIS ELECTRONIC AG; MEMPHIS ELECTRONIC, INC.; ODYSSEY ELECTRONICS, LTD.; RAVIN ELECTRONICS LLC; TECH RECOVERY LLC d/b/a TXCESS SURPLUS; TRU-TRONICS, INC. d/b/a TRU-TRONICS INT'L; X-PRESS MICRO, INC.; and XITRADE INC. d/b/a MEMORYEPOT.COM<br><br>Defendants. | Civil Action NO. 2:10-CV-45<br><br><br>**DEFENDANT ELITE SEMICONDUCTOR MEMORY TECHNOLOGY INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant Elite Semiconductor Memory Technology Inc. ("Elite") moves the Court for an Order dismissing the case against it for lack of personal jurisdiction.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     BACKGROUND

This is a patent infringement case brought by Plaintiff DRAM Technologies LLC ("Plaintiff") against Elite and 20 other defendants alleging infringement of four DRAM patents. Eleven defendants are based outside of Texas and six are based outside of the United States. Complaint, ¶¶1-21.

Paragraph 22 of Plaintiff's Complaint contains the following omnibus allegation of personal jurisdiction over all 21 defendants: "On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein."  Plaintiff also alleges that each defendant "directly and/or through intermediaries, have advertised (including through websites), offered to sell, sold and/or distributed infringing products, and/or have induced the sale and use of infringing products."  Complaint, ¶ 22.  Plaintiff goes on to note that each defendant is subject to general jurisdiction here because they all derive substantial revenue from goods and services to individuals in Texas.  *Id.*

There are no specific jurisdictional allegations as to Elite other than the pro-forma allegations mentioned above.

The reality is that Elite has no contacts with this forum at all.  The company is based in and run out of Taiwan, it has had no sales in this state, has no offices here, does not advertise in Texas, and has only shipped a negligible amount of its products to the United States, none of which resulted in any sales and none of which were shipped to Texas.  Declaration of Meng-Hung Tsai ("Tsai Decl.") at ¶¶ 3-5.

## II.    ARGUMENT

### A.     Legal Standard

Plaintiff bears the burden of proof on the issue of whether this Court has personal jurisdiction over Elite.  *Quick Technologies, Inc. v. Sage Group PLC*, 313 F.3d 338, 343 (5th Cir.

2002).  In cases involving a defendant from another country, such as this suit against Elite, the United States Supreme Court has cautioned that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 115 (1987), quoting *United States v. First National City Bank*, 379 U.S. 378, 404 (1965) (Harlan, J., dissenting); *see also Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 611 (5th Cir. 2008) (quoting from *Asahi*).

As a patent infringement case, the law of the United States Court of Appeals for the Federal Circuit applies in resolving the issue of personal jurisdiction. *Deprenyl Animal Health, Inc. v. The Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed. Cir. 2002).  In cases arising under a federal law, such as this one, determination of personal jurisdiction is a two-step inquiry.  First, absent a controlling federal statute, the defendant must be amenable to service of process, and, second, the exercise of jurisdiction must comport with due process. *Id.*, at 1349; *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993).  Because the Texas long-arm statute has been held to be coextensive with constitutional due process requirements, the jurisdictional analysis is compressed into the single inquiry of whether exercising jurisdiction over the nonresident defendant is consistent with the Due Process Clause of the United States Constitution.  *Alpine View Co., Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000). Determining whether the exercise of personal jurisdiction is consistent with due process involves a two-pronged test.  First, the Court must find that a defendant has sufficient "minimum contacts" with the forum, and, second, the Court must then ensure that the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

The "constitutional touchstone" for asserting personal jurisdiction over a non-resident defendant is "whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).  The requisite minimum

contacts can be established either through contacts sufficient to assert "specific" jurisdiction or "general" jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 & n.9 (1984). General jurisdiction exists when a defendant's contacts are so "continuous and systematic" that jurisdiction may be exercised even though the contacts are unrelated to the cause of action. *Helicopteros Nacionales de Colombia*, 466 U.S. at 414-15. Specific jurisdiction exists when the nonresident defendant has 'purposefully directed' his activities at the residents of the forum, and the litigation results from alleged injuries that 'arise from or relate to' those activities. *Burger King*, 471 U.S. at 474. Finally, if a Court finds that a defendant purposefully established minimum contacts within the forum State, the Court may evaluate the following factors to decide whether the assertion of personal jurisdiction would comport with "fair play and substantial justice": (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, 1331 (Fed.Cir. 2008).[1]

## B.   Elite Has No Contacts with Texas to Support General Jurisdiction

The difficulty of asserting general jurisdiction over a defendant is highlighted by the fact that "the Supreme Court has upheld general jurisdiction only once, and the lower courts have evinced a reluctance to assert general jurisdiction over nonresident individual defendants or foreign corporations even when the contacts with the forum state are quite extensive." 16

---

[1]   Of course, none of the traditional bases for personal jurisdiction are present here and each can easily be dispensed with. There are three traditional grounds for exercising personal jurisdiction over a defendant: (a) when the complaint is physically served on defendant in the forum state; (b) when defendant maintains a domicile in the forum state; or (c) when defendant consents to jurisdiction. *Burnham v. Superior Court,* 495 U.S. at 610, 611, 621 (1990). None of these grounds exist here. Elite was not physically served in this state. Dckt. # 34. Elite is based in Taiwan, not Texas. Tsai Decl., ¶ 3. Finally, Elite does not consent to jurisdiction here.

Moore's Federal Practice, Territorial Jurisdiction, § 108.41[3], p. 108-49 (2009); *see also Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609-611 (5th Cir. 2008)(continuous and systematic contacts test is difficult to meet, requiring extensive contacts between defendant and forum and "[t]his circuit has consistently imposed the high standard set by the Supreme Court when ruling on general jurisdiction issues.").

Here, Plaintiff will not be able to meet the heavy burden of establishing general jurisdiction over Elite. Elite has no general contacts with this forum. Elite is a Taiwanese company having its principal place of business in Taiwan. Tsai Decl., ¶ 3. Elite has no office, place of business, or any other property in Texas. Tsai Decl., ¶ 3, 6. It does not have any bank accounts in the state, nor is it registered to do business here, and does not pay any Texas taxes. Tsai Decl., ¶ 5.

The absence of contacts with Texas contrasts sharply with the facts of *Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437 (1952). In *Perkins,* the Ohio Supreme Court affirmed the decision of the state's lower courts that a foreign defendant did not have sufficient contacts with the state to confer general jurisdiction over it. In reversing, the United States Supreme Court noted that the president of the corporation conducted company business from an office in Ohio, kept company files there, held directors meetings there, carried on company correspondence from that office, distributed company checks drawn on Ohio bank accounts, engaged an Ohio bank as an agent, and generally supervised the company's policies from that office. *Id.* Elite has no such contacts in Texas.

Given the lack of contacts with this forum, there is no basis for a finding of the type of continuous, systematic and substantial contacts necessary for a finding of general jurisdiction.

### C.   Elite Has No Contacts with Texas to Support Specific Jurisdiction

Specific jurisdiction requires a showing that: (1) the out-of-state defendant *purposefully* directed its activities toward residents of the forum state or otherwise established contacts with the forum state; (2) Plaintiff's cause of action *arises out of* or results from the defendant's forum-related contacts; and (3) exercising personal jurisdiction over the nonresident would be fair and

reasonable. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477-478 (1985).  Here, Plaintiff is unable to establish any of those elements.

Regarding the first and second prong of the analysis above, Plaintiff cannot make the requisite showing because, again, Elite has no contacts with Texas.  Elite has not conducted any sales in Texas or the United States since at least 2004.  Tsai Decl., ¶ 4.

The lack of contact between Elite and Texas establishes that Elite has neither purposefully directed its activities toward Texas, nor expressly targeted any residents of Texas, nor purposefully availed itself of the benefits and protections of Texas law, and, therefore, Elite could not reasonably foresee being hailed into court in Texas.  Consequently, Elite does not have the necessary minimum contacts with Texas sufficient to confer specific jurisdiction.

Finally, regarding whether the exercise of jurisdiction would be fair and reasonable, the Court considers several "fairness" factors including "(1) the burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies. *Wilson v. Belin,* 20 F.3d 644, 647, n.3 (5th Cir. 1994)(quotations omitted).  Here, there is nothing reasonable about hailing Elite to Texas for this matter.  Defending this patent infringement case in this forum would impose a significant burden on Elite, a foreign company with no employees or officers here.  Furthermore, this state has no interest in compelling jurisdiction over Elite inasmuch as Elite has no presence in the forum, and has not sold the accused, or any other product, in this state.  Finally, there are alternative, more efficient ways for Plaintiff to seek the same relief without imposing the unduly harsh burden of compelling Elite to defend this suit several thousands of miles from its base.

## III.   <u>CONCLUSION</u>

For the reasons set forth herein, Elite respectfully requests that this Court grant its motion to dismiss the case against it for lack of personal jurisdiction.

Respectfully submitted,

Dated:  July 28, 2010           By:   /s/ Roderick B. Williams
                                                 Roderick B. Williams
                                                 Texas Bar No. 21573700
K&L Gates LLP
111 Congress Avenue, Suite 900
Austin, Texas 78701
Telephone (512) 482-6800
Facsimile (512) 482-6859
rick.williams@klgates.com

**Attorneys for Defendant Elite
Semiconductor Memory Technology Inc.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-(5)(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 28th day of July, 2010.

                                          */s/ Roderick B. Williams*