**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

DRAM TECHNOLOGIES LLC,

 *Plaintiff*,

v.

AMERICA II GROUP, INC. d/b/a AMERICA
II CORP., ET AL.,

 *Defendant*.

§
§
§
§
§
§
§
§
§
§
§
§

CASE NO. 2:10-CV-45-TJW

## <u>MEMORANDUM OPINION AND ORDER</u>

### I. Introduction

Before the Court is Defendant Elite Semiconductor Technology Inc.'s ("Elite Semiconductor") Motion to Dismiss for Lack of Personal Jurisdiction.  (Dkt. No. 128.)  The Court has carefully considered the motion and the parties' respective arguments and for the following reasons DENIES Defendant Elite Semiconductor's Motion to Dismiss for Lack of Personal Jurisdiction.

### II. Factual and Procedural Background

Plaintiff DRAM Technologies LLC ("DRAM" or "Plaintiff") has filed this patent infringement lawsuit against various defendants for their infringement of four of Plaintiff's patents.  Elite Semiconductor is a defendant in this patent infringement lawsuit because of its allegedly infringing memory chips and/or devices.  Elite Semiconductor is a company based and

run out of Taiwan.   Elite Semiconductor argues that it does not have sufficient contacts with this forum for it to exercise personal jurisdiction over Elite Semiconductor.

## III.  Discussion

### A.  Applicable Law Regarding Personal Jurisdiction

Federal Circuit law governs the issue of personal jurisdiction in this patent infringement case involving an out-of-state defendant.  *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed. Cir. 2002).   Personal jurisdiction is appropriate over the defendant if the state's long-arm statute permits the assertion of jurisdiction without violating federal due process.   *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010).   Texas's long-arm statute reaches to the constitutional limits; therefore, we only ask if exercising jurisdiction over the defendant would offend due process and the jurisdictional analysis under Texas and federal law are the same.   *Revell v. Lidov*, 317 F.3d 467, 469-70 (5th Cir. 2002).   The "constitutional touchstone" for determining whether personal jurisdiction over the defendant would offend due process is "whether the defendant purposefully established 'minimum contacts' in the forum."   *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).   In addition, once the defendant's "minimum contacts" with the forum have been established, the Court must also consider whether the "assertion of personal jurisdiction would comport with 'fair play and substantial justice.'"   *Id.* at 466 (citing *Int'l Shoe*, 326 U.S. at 320).

Personal jurisdiction has generally been divided into two categories: general personal jurisdiction and specific personal jurisdiction.   General personal jurisdiction "requires that the defendant have 'continuous and systematic' contacts with the forum state and confers personal

jurisdiction even when the cause of action has no relationship with those contacts." *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003). General personal jurisdiction is not at issue in the present case. To determine whether specific personal jurisdiction exists, however, the Federal Circuit applies a three prong test: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair. *Nuance Commc'ns*, 626 F.3d at 1231. The first two elements relate to the requirement of "minimum contacts" and the third element relates to the notion of "fair play and substantial justice." *See id.*; *Akro Corp. v. Luker*, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995).

Where the parties have not conducted jurisdictional discovery, the plaintiff need only make a prima facie showing that the defendant is subject to personal jurisdiction. *Silent Drive*, 326 F.3d at 1201. Under that standard, the pleadings and affidavits are to be construed in the light most favorable to the plaintiff. *Id.* Where the parties, however, have conducted jurisdictional discovery, the plaintiff bears the burden of proving by a preponderance of the evidence that personal jurisdiction exists. *See Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001).[1]

---

[1] It is not entirely clear that Federal Circuit law requires the preponderance of the evidence burden. Although *Pieczenik* was determining personal jurisdiction for a patent infringement lawsuit, it was also performing its analysis under a unique New York long-arm statute. *Pieczenik*, 265 F.3d at 1330-1331. Therefore, it is not clear *Pieczenik* was using Federal Circuit law when it stated that when the parties have conducted jurisdictional discovery, the plaintiff bears the burden of proving by a preponderance of the evidence that personal jurisdiction exists. *Id.* at 1334. Indeed, when announcing the preponderance of the evidence standard, the court in *Pieczenik* cited Second Circuit law. Furthermore, not all courts apply the preponderance of the evidence burden after jurisdictional discovery. *See D & S Turbine Int'l, Inc. v. Research Mgmt. Sys., L.C.*, Civ. H-05-2158, 2006 WL 287971, at *2 (S.D. Tex. Feb. 6, 2006) (stating that "[t]he Fifth Circuit, while not directly addressing the issue, has stated that '[w]hen, as here, the district court conducted no evidentiary hearing, the party seeking to assert jurisdiction must present sufficient facts as to make out only a prima facie case supporting jurisdiction.'"). In any event, the Court applies the

The parties in this case have conducted jurisdictional discovery, so the Court applies the preponderance of the evidence burden.

### B.    Analysis

The Court holds, for the following reasons, that Plaintiff has met its burden by a preponderance of the evidence that specific personal jurisdiction exists in this case.   Therefore, the Court DENIES Defendant Elite Semiconductor's Motion to Dismiss for Lack of Personal Jurisdiction.

Since the parties briefed their motion, the Supreme Court recently decided *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S.Ct. 2780 (2011).   The plurality opinion by Justice Kennedy, joined by the Chief Justice and Justices Scalia and Thomas, announced a standard for specific personal jurisdiction that is arguably stricter than the Supreme Court's previous standards.  *See id.* at 2783-91 (plurality opinion).   Although the common law will clarify the contours of *J. McIntyere*, the plurality opinion by Justice Kennedy is not the precedential holding of the Supreme Court. "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds . . . ."  *Marks v. United States*, 430 U.S. 188, 193 (1977).   Under the rule from *Marks*, the concurring opinion by Justice Breyer, which concurs in the Judgment on much narrower grounds, is the binding holding from the Supreme Court.  *See J. McIntyre Mach.*, 131 S.Ct. at 2791-95 (Breyer, J., concurring).   But this Court need not decide that issue, because as will be discussed below, personal jurisdiction is proper in this case even under the stricter rule pronounced in Justice Kennedy's plurality opinion.

---

preponderance of the evidence burden in this case and holds that the plaintiff meets that burden, so the plaintiff would surely meet any lower burden that should be applied.

The plurality opinion in *J. McIntyre Mach.* focused on the three facts in that case that the New Jersey Supreme Court had emphasized: "The distributor agreed to sell J. McIntyre's machines in the United States; J. McIntyre officials attended trade shows in several States but not in New Jersey; and up to four machines ended up in New Jersey." *Id.* at 2790. The plurality opinion also emphasized that the "trial court found that the 'defendant does not have a single contact with New Jersey short of the machine in question ending up in this state.'" *Id.* (citations omitted). As a result, the plurality opinion concluded that "[t]hese facts may reveal an intent to serve the U.S. market, but they do not show that J. McIntyre purposefully availed itself of the New Jersey market." *Id.*

The facts in the present case present a much stronger reason for this Court to hold that specific personal jurisdiction is proper in Texas. As noted above, certain memory chips sold by Elite Semiconductor are the accused infringing products in this case. These memory chips are sold in packages to major manufacturers of consumer electronics customers, generally outside the United States, and then those manufacturers incorporate the accused infringing chips into their products and sell those products worldwide, including to the United States. Elite Semiconductor sells its chips to, for example, Sony, LG, Western Digital, Seagate Technology, Spansion, and Samsung, for those companies' various consumer electronics devices such as video game consoles, MP3 players, DVD players, and hard drives. Given that Elite Semiconductor is a large and sophisticated company that does business in the consumer electronics industry, the Court presumes that Elite Semiconductor understands that the United States is one of the largest (likely the largest) consumer electronics markets in the world. Furthermore, Elite Semiconductor is

aware of how their memory products are being used in the abovementioned devices and that the abovementioned companies do business in the United States.

Between 2005 and 2010, Elite Semiconductor shipped approximately 1.02 million packaged memory chips directly to customers in the United States, although Elite Semiconductor states that these were not directly shipped to Texas.  Plaintiff has specifically undertaken the effort to research whether any accused memory chips are in fact sold in Texas.[2]  Plaintiff researched specific Samsung[3] hard drive models that incorporate one or more of Elite Semiconductor's accused memory chips.  After doing further research, at least one retail sales company, named Micro Center, had over twenty-five Samsung hard drive models (that contained the accused infringing chips) for sale out of its Houston, Texas store, and that was at the time Plaintiff filed its brief.  Additionally, Plaintiff points out that, generally, Best Buy in Longview and Tyler, Texas (within this judicial district) sells DVD players, video game consoles, and/or hard drives by Sony, LG, and Samsung.   Elite Semiconductor's accused chips, which are incorporated in other products, are also available for sale on the internet and Plaintiff has found internet sites that ship these products directly to Texas.   Finally, Plaintiff points out that Elite Semiconductor's employees regularly visit several of its United States-based customers and, at one time, had a United States affiliate, until it was wound up in 2007.

---

[2] Elite Semiconductor has been difficult in this case in allowing Plaintiff to conduct its necessary jurisdictional discovery.   Furthermore, although Elite Semiconductor complains about the sufficiency of Plaintiff's evidence, it has not objected to the evidence and it has not moved the Court to strike any evidence or affidavits of Plaintiff's.   In light of Elite Semiconductor's own conduct and its failure to move the Court to strike any affidavits or evidence, the Court merely considers Elite Semiconductor's arguments as going to the weight this Court will give that evidence.

[3] Incidentally, this Court is also aware, based on the multiple patent infringement lawsuits in this Court involving Samsung, that Samsung's principal place of business in the United States is in Texas.

The Court holds that the abovementioned facts, particularly those involving Texas, show contacts with the state of Texas that are far in excess of the contacts with New Jersey that the plurality opinion in *J. McIntyre Mach.* considered.   Therefore, based on these facts, the Court holds that Plaintiff has proven by a preponderance of the evidence that (1) Defendant Elite Semiconductor purposefully directed activities at residents of the state of Texas by virtue of its accused memory chips being sold in incorporated products within the state of Texas; (2) Plaintiff's claim arises out of those allegedly infringing activities; and (3) the assertion of personal jurisdiction is reasonable and fair in this case.[4]

## III.   Conclusion

Therefore, for the foregoing reasons, the Court DENIES Defendant Elite Semiconductor's Motion to Dismiss for Lack of Personal Jurisdiction.

It is so ORDERED.

SIGNED this 30th day of September, 2011.

_T. John Ward_
_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

---

[4]  The Court also notes that in light of the potentially heightened standard from *J. McIntyre Mach.*, even if Plaintiff had not met that standard, the Court would not dismiss this case for lack of personal jurisdiction.   Rather, the appropriate remedy at that point would have been for the Court to allow Plaintiff to conduct additional jurisdictional discovery.   This is because when Plaintiff conducted its jurisdictional discovery, it conducted that discovery in light of the state of the law before *J. McIntyre Mach.* (assuming *J. McIntyre Mach.* even changed the law).   Therefore, Plaintiff likely stopped its effort in gathering facts to support jurisdiction when Plaintiff had enough facts to support jurisdiction based on the law before *J. McIntyre Mach*.   Given Elite Semiconductor's large volume of business in the consumer electronics industry and the facts Plaintiff provided in its briefing in this case, it is likely Plaintiff, upon additional jurisdictional discovery, would discover additional contacts with the state of Texas.